UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| CARONDA FORD | CIVIL ACTION |
|---|---|
| VERSUS | |
| RECOVERY SOLUTIONS GROUP, LLC | NO.: 17-01768-BAJ-RLB |

RULING AND ORDER

Before the Court is the **Motion for Default Judgment (Doc. 12)** filed by Plaintiff Caronda Ford, in which Plaintiff seeks a default judgment against Defendant Recovery Solutions Group, LLC. Jurisdiction is proper under 28 U.S.C. § 1331. For the following reasons, the Motion for Default Judgment (Doc. 14) is **GRANTED**.

I. BACKGROUND

This action arises out of Defendant's attempted collection of a debt from Plaintiff. (Doc. 16 at p. 1). In July 2017, Plaintiff incurred an alleged debt for personal and household purposes with Service Master Advantage Disaster Services for the reparation of water damage to her home in Baton Rouge, LA. Plaintiff asserts that even though the debt was covered by her insurance company, Defendant attempted to collect the debt from her rather than the insurance company. In October 2017, Defendant sent Plaintiff a collection letter, which allegedly falsely stated that Plaintiff owed an outstanding balance of $1,626.85 and threatened to place a lien on Plaintiff's property for the debt. (Doc. 16 at p. 2). The letter was sent by Amanda

1

Walker, who held the title of "legal coordinator for Defendant." (*Id.* at p. 3). Plaintiff asserts that Defendant was not a registered debt collector in the State of Louisiana when the letter was sent. Plaintiff also alleges that Amanda Walker was not a licensed attorney. Plaintiff brings suit, alleging that Defendant violated the Fair Debt Collection Practices Act (FDCPA).

## II. LEGAL STANDARD

The United States Court of Appeals for the Fifth Circuit has adopted a three-step process to obtain a default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered by the clerk when the default is shown "by affidavit or otherwise." *See id.*; *New York Life*, 84 F.3d at 141. Third, a party may apply to the court for a default judgment after an entry of default. Fed. R. Civ. P. 55(b); *New York Life*, 84 F.3d at 141.

After a party files for a default judgment, courts must apply a two-step process to determine whether a default judgment should be entered. First, a court must consider whether the entry of default judgment is appropriate under the circumstances. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Several factors are relevant to this inquiry, including: (1) whether there are material issues of fact at issue, (2) whether there has been substantial prejudice, (3) whether the grounds for default have been clearly established, (4) whether the default was caused by excusable neglect or good faith mistake, (5) the harshness of the default judgment,

and (6) whether the court would think itself obliged to set aside the default on a motion by the defendant. *Id.*

Second, the Court must assess the merits of the plaintiff's claims and determine whether the plaintiff has a claim for relief. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F. 2d 1200, 1206 (5th Cir. 1975); *Hamdan v. Tiger Bros. Food Mart, Inc.*, 2016 WL 1192679, at *2 (M.D. La. Mar. 22, 2016).

### III. DISCUSSION

#### A. Default Judgment is Appropriate under the *Lindsey* Factors

The Court must first decide whether the entry of default judgment is appropriate under the circumstances, by considering the *Lindsey* factors. First, there are no material facts in dispute because Defendant failed to file an Answer or motion under Rule 12. Second, it is undisputed that Defendant has not contacted Plaintiff's counsel or made an appearance in Court. (Doc. 16 at p. 7). Third, the grounds for granting a default judgment against Defendant are clearly established, as evidenced by the action's procedural history and the Clerk's entry of default. (Doc. 9). Fourth, the Court has no basis to find that Defendant's failure to respond was the result of a good faith mistake or excusable neglect because Defendant has failed to respond to Plaintiff or to the Court. Fifth, Defendant's failure to file any responsive pleading or motion mitigates the harshness of a default judgment. Finally, the Court is not aware of any facts that would lead it to set aside the default judgment if challenged by Defendant. The Court therefore finds that the six *Lindsey* factors weigh in favor of default.

3

B.  The Sufficiency of the Pleadings

The Court must also determine whether Plaintiff's pleadings provide a sufficient basis for a default judgment. Plaintiff claims that Defendant violated the following sections of the FDCPA: (1) 15 U.S.C. § 1692e (2) 15 U.S.C. § 1692f(1), and (3) 15 U.S.C. § 1692g. The Court addresses each claim in turn.

### 1.  *15 U.S.C. § 1692e*

Title 15 U.S.C. § 1692e prohibits a debt collector from using false, deceptive, or misleading representation or means in connection with the collection of any debt. Specifically, a "false representation of. . . the character, amount, or legal status of any debt" is a violation of the statute. 15 U.S.C. §1692e(2)(a). The record indicates that Defendant sent a letter stating that she owed ServiceMaster Advantage Disaster Services $1,626.85. (Doc. 12-4 at p. 1). Plaintiff provides the affidavit of Sarah Kalis, one of Plaintiff's attorneys, who swore that Plaintiff did not owe this debt. This evidence has not been controverted by Defendant. (Doc. 12-3 at p. 1). As such, the Court concludes that Defendant falsely represented the amount of a debt under the FDCPA. The Court notes that a debt collector may not be held liable if he shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error. *Taylor v. Perrin, Landry, de Launay & Durand*, 103 F.3d 1232 (5th Cir. 1997). The Court finds no evidence in the record establishing that Defendant's attempt to collect the debt was a result of bona fide error. Accordingly, taking as true that Plaintiff did not owe the debt, the Court concludes that Plaintiff has properly asserted that Defendant violated 15 U.S.C. 1692e(2)(a).

Plaintiff also asserts that Defendant violated 15 U.S.C. § 1692e(5) and (10). Title 15 U.S.C. §1692e(5) states that the "threat to take any action that cannot legally be taken" violates the FDCPA, and §1692e(10) states that collectors may not use "false representation or deceptive means to collect or attempt to collect any debt." (Doc. 16 at p. 14). Plaintiff contends that Defendant violated both provisions by having Walker use the title of "legal coordinator" on the letter. (Doc. 12-4). Plaintiff claims that this, coupled with the fact that the letter stated that Defendant would look into placing a lien against Plaintiff's property, gave the false impression that the letter was sent by an attorney prepared to take legal action. (Doc. 16 at p. 15).

A court must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard, assuming that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors. *McMurray v. ProCollect, Inc.*, 687 F.3d 665, 669 (5th Cir. 2012). However, even under this standard, the Court concludes that Plaintiff has not shown that Defendant used false representation to collect the debt. "Legal coordinator" in the English language does not carry the weight of "attorney" or "lawyer." Moreover, the letter clearly states that Defendant was "look[ing] into placing a lien against the property serviced" not that Walker had the power to secure the lien. Accordingly, Plaintiff has not stated a claim that Defendant violated §1692e(5) and (10).

### 2. *15 U.S.C. §1692f(1)*

Plaintiff also alleges that Defendant violated 15 U.S.C. §1692f(1), which states that a debt collector "may not attempt to collect any amount unless that amount is expressly authorized by the agreement creating the debt or permitted by law." Again,

5

Plaintiff has presented the affidavit of Ms. Kalis who states that Plaintiff did not owe the alleged debt. Defendant has provided no proof to the contrary. Accordingly, the Court concludes that Plaintiff has a claim for relief under 15 U.S.C. §1692f(1).

### 3. *15 U.S.C. §1692(g)*

Plaintiff also alleges that Defendant violated 15 U.S.C. §1692(g), which requires debt collectors to send consumers written notice of their dispute and validation rights. (Doc. 16 at p. 17). The notice must contain the following:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

The record indicates that Defendant's collection letter contained none of this required language. (Doc. 12-4 at p. 1). Accordingly, Plaintiff has established that Defendant violated 15 U.S.C. §1692(g).

C.  **Plaintiff's Requested Relief**

Plaintiff requests that the Court award statutory damages, attorney's fees, and interest. (Doc. 1 at p. 13).

1.  *Statutory Damages*

The FCPA provides:

"any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of any actual damage sustained by such person as a result of such failure [OR] in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. 1692k(a)(1),(2).

Plaintiff has not provided any proof of actual damages sustained as a result of Defendant's letter. However, the FDCPA does not require proof of actual damages as a condition to the recovery. *Cobb v. A&S Collection Assocs.*, 2011 U.S. Dist. LEXIS 107002, *10 (M.D. La. 2011). In the absence of actual damages, Plaintiff's recovery is limited to $1,000 of "additional damages." Plaintiff appears to argue that because Defendant violated the FDCPA intentionally, and committed several violations in the letter it sent to Defendant, it should be awarded additional damages.

"In exercising its discretion to award additional damages, the Court should consider the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was

7

intentional." *Fagan v. Lawrence Nathan Assocs.*, Inc., 957 F. Supp. 2d 784, 803 (E.D. La. 2013). The Court finds that Defendant's letter contained several violations of the FDCPA, which warrants some amount of statutory damages. However, because the record indicates that Defendant only sent one collection letter, and there is no indication that Defendant repeatedly harassed Plaintiff to collect the debt, the full $1,000 penalty is unwarranted. Accordingly, the Court awards Plaintiff statutory damages of $500.

### 2. *Costs and Attorney's Fees.*

The FDCPA provides that "any debt collector who fails to comply with any provision is liable... to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." Courts use a two-step process to calculate reasonable attorney's fees. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). First, the court calculates a "lodestar" fee by multiplying the reasonable number of hours spent on the case by the reasonable hourly rates for the participating lawyers. *Id.* Second, the court considers whether the lodestar should be adjusted upward or downward depending on the circumstances of the case, using twelve factors.[1] *Id.* (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)). The party seeking attorney's fees bears the initial burden of

---

[1] "The factors are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Migis*, 135 F. 3d at 1047.

submitting adequate documentation of the hours expended and the hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

Plaintiff seeks an award of attorney's fees in the amount of $7,345.00 and costs in the amount of $481.38. This is based on 29.4 hours of attorney time at the hourly rate of $250. (Doc. 12-6). Plaintiff submitted a detailed time sheet and expense report in support of its request. *Id.* Moreover, given that Samuel Ford, Plaintiff's attorney, has been practicing law for four years exclusively in the field of consumer law, the Court concludes that $250 an hour is a reasonable rate request. (Doc. 12-5 at p. 2).

### 3. *Interest*

Plaintiff seeks prejudgment and post-judgment interest. (Doc. 16 at p. 23). Plaintiff shall recover prejudgment interest on the $500 in economic damages at the prime rate of 5.5% per annum, compounded annually, beginning on the date this action was filed, and ending on the date before this judgment is signed. *Reyelts v. Cross*, 968 F. Supp.2d 835, 851 (N.D. Tex. July 26, 2013). *H.15 Selected Interest Rates*, FEDERAL RESERVE (May 31, 2019), https://www.federalreserve.gov/releases/h15/.

Plaintiff shall also recover post judgment interest on all amounts awarded, including the prejudgment interest, at the rate of 2.34% per annum, compounded annual from the date of the judgment until the judgment is paid in full. *See Fuchs v. Lifetime Doors*, Inc. 939 F.2d 1275, 1280 (5th Cir. 1991). 28 U.S.C. §1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in district court . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average one-year constant maturity Treasury yield. . . for the calendar week preceding.").

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion for Default Judgment (Doc. 12)** filed by Plaintiff is **GRANTED**.

**IT IS FURTHER ORDERED** that an award of statutory damages is hereby entered in favor of Plaintiff in the amount of $500.

**IT IS FURTHER ORDERED** that Plaintiff is awarded attorney's fees in the amount of $7,345.00 and costs in the amount of $481.38.

**IT IS FURTHER ORDERED** that Plaintiff shall recover prejudgment and post-judgment interest in accordance with this order.

**IT IS FURTHER ORDERED** that Plaintiff is awarded costs and shall file a Memorandum of Costs in the form required by the Clerk of Court within thirty days of entry of the Judgment, in accordance with Local Rule 54(c).

Baton Rouge, Louisiana, this 31ST day of May, 2019.

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**